UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEPHEN BROOKS,

                            Plaintiff,

        v.                                                  9:18-CV-997
                                                            (GLS/DEP)

HON. DONALD WILLIAMS et al.,

                            Defendants.

---

APPEARANCES:

STEPHEN BROOKS
14-A-4855
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Pro se plaintiff Stephen Brooks commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 2 ("Compl."). By Decision and Order of this Court filed September 28, 2018 (the "September Order"), the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, for failure to state a claim upon which relief could be granted. Dkt. No. 7. In light of his pro se status, Plaintiff was afforded an opportunity to amend his Complaint. *Id.* Plaintiff's Amended Complaint is now before the Court for review. Dkt. No. 8 ("Am. Compl.").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT[1]

Plaintiff seeks relief for the alleged violation of his Fourteenth Amendment due process rights during criminal proceedings in Ulster County Court. *See generally* Compl. As set forth in the September Order, Plaintiff moved to disqualify the District Attorneys' Office from prosecution of his criminal case due to a prior attorney/client relationship. *See* Dkt. No. 7 at 4. Defendant Williams held a hearing and denied Plaintiff's application. *See id.* After trial, Plaintiff was convicted of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). *See id.* On appeal, Plaintiff raised the disqualification argument. *See id.* Defendants, New York State Appellate Court Judges McCarthy, Lynch, Devine, Clark, and Pritzker, affirmed Plaintiff's conviction and defendant Hon. Janet DiFiore denied his application for leave to appeal to the New York State Court of Appeals. *See* Compl. at 4-5. In the original Complaint, Plaintiff sought injunctive relief in the form of an order directing the "New York Court of Appeals to hear and apply correct legal analysis" and a judgment declaring defendants' actions unconstitutional. *See id.* at 9.

Upon review, and as discussed at length in the September Order, the Court concluded that Plaintiff's Fourteenth Amendment claims did not survive initial review based upon the doctrine of judicial immunity. *See generally*, Dkt. No. 7. The Court declined to convert Plaintiff's action into a petition for habeas corpus relief.[2] *See id*. at 9.

---

[1] The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September Order and will not be restated here. *See* Dkt. No. 7 at 2-4.

[2] In the Amended Complaint, Plaintiff clearly states that the submission is "not a plea for Habeas relief[.]" Am. Compl. at 2.

Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to remedy the pleading deficiencies identified in the September Order. The Amended Complaint includes no new factual allegations against defendants and the allegations are substantially the same as those in the Complaint reviewed in the September Order. *Compare* Compl., *with* Am. Compl. Additionally, the Amended Complaint contains the same requests for relief. *See id.*

As a result, the Court finds that Plaintiff has not alleged facts in the Amended Complaint which plausibly suggests that Plaintiff is entitled to relief. As a result, and for the reasons set forth in the September Order, this action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 8) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

November 13, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge